IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AL CAPONE DISTRIBUTING, INC. ) | FILED: AUGUST 6, 2008 | |
| Plaintiff, ) | 08CV4418 | |
| ) | JUDGE KENDALL | |
| v. ) No. | MAGISTRATE JUDGE BROWN | |
| ) | | |
| C.H. ROBINSON WORLDWIDE, INC. ) | | |
| Defendant. ) | JFB | |

NOTICE OF REMOVAL

TO:    The Honorable Judges of the
United States District Court
for the Northern District of Illinois,
Eastern Division

Petitioner C.H. Robinson Worldwide, Inc. ("CHR"), by its Attorneys, Axelrod, Goodman, Steiner & Bazelon respectfully state to the Court:

1.    There is one Defendant to this action, Petitioner herein.

2.    On June 26, 2008, Plaintiff, Al Capone Distributing, Inc., alleged against Defendant in the Circuit Court of Kane County, Illinois, No. 08 AR K 646, a civil action to recover from Defendant damages of $42,172.90, alleged to be due to Plaintiff as a consequence of alleged damage and/or delay to a shipment of interstate freight shipment alleged to have been transported by Defendant CHR. The Complaint alleges a cause of action that arises out of and pursuant to, 49 U.S.C. § 14706. All suits for loss or damage to interstate shipments by motor carrier are preempted by 49 U.S.C. §14706.

See, for example, *R.E.I. Transport, Inc. v. C.H. Robinson Worldwide, Inc.*, 519 F.3d 693, 697-698 (7th Cir. 2008), *Miller v. Reebie Storage and Moving Company,* Inc., 1993 WL 414689 at pg. 4 (N.D. Ill. 1993), *Morris v. Covan World Wide Moving Incorporated*, 144 F.3d 377, 382-383 (5th Cir. 1998), *Nowakowski, et. al. v. American Red Ball Transit Company, Inc., et. al.*, 288 Ill. App. 3d 348, 680 N.E. 2d 441 (2nd Dist. 1997), *Gordon v. United Van Lines, Inc.*, 130 F.3d 282, 286 (7th

Cir. 1997) and *Smith v. United Parcel Service (UPS)*, 296 F.3d 1244 (11th Cir. 2002).

3.     On July 15, 2008 Defendant, CHR was served with a Summons and a copy of the Complaint in the aforementioned civil action, which was the first knowledge that Defendant had of the instant action.  Defendant has been served with no other pleadings, papers or orders in the aforementioned cause.

4.     No pleadings or papers have been filed by the Defendants in the aforementioned action.  This is a controversy over which the United States District Courts have original jurisdiction pursuant to Title 28 U.S.C. Section 1331 which provides:

> *"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States";*

Title 28 U.S.C. Section 1337(a) which provides, in pertinent part:

> *"The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies"; and,*

Title 49 U.S.C. §14706.

WHEREFORE, Petitioner C.H. Robinson Worldwide, Inc., Defendant, herein, prays that this Court assume full jurisdiction over the cause of action herein as provided by law.

                                        C.H. Robinson Worldwide, Inc.


                                        By: /s/ *Joel H. Steiner*
                                        Joel H. Steiner, One of its Attorneys
                                        ARDC# 2720108

OF COUNSEL:
Axelrod, Goodman, Steiner & Bazelon
39 South LaSalle Street - Suite 920
Chicago, Illinois  60603
(312) 236-9375
(312) 236-2877 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT on August 6, 2008 I have served a true and correct copy of the above and foregoing Notice of Removal upon the following parties:

Raymond F. Agrella  
Shearer & Agrella  
4N701 School Road  
St. Charles, IL 60175

Deborah Seyller  
Clerk of the Circuit Court of Kane County,  
Room 160, Kane County Court House  
100 South 3rd Street  
Geneva, IL 60134 and  
P.O. Box 112, Geneva, IL 60134

by depositing the same in the United States Mail at 39 South LaSalle Street, Chicago, IL 60603, before the hour of 5:00 p.m. with proper first-class postage affixed thereto.

/s/ *Joel H. Steiner*  
Joel H. Steiner

DATED:   August 6, 2008

# IN THE CIRCUIT COURT OF THE SIXTEENTH JUDICIAL CIRCUIT
## KANE COUNTY, ILLINOIS

Case No. 08 ARK 646

| Plaintiff(s) | Defendant(s) | |
|---|---|---|
| AL CAPONE DISTRIBUTING, INC. | C.H. ROBINSON WORLDWIDE, INC. | |

**SERVE THIS DEFENDANT AT:**

Name:

Address: C.H. Robinson Worldwide, Inc.
~~2277 Plaza Drive, Suite 690~~
~~Sugar Land, Texas 77479~~   14800 Charlson Rd.
Suite 100

City, State & Zip:   Eden Prairie MN

877-767-2435

File Stamp

Amount Claimed $ 42,172.90 plus costs and fees

Pltf. Atty: Raymond F. Agrella
Atty. Registration No.: 20818
Address: 4N701 School Road
City, State and Zip: St. Charles, IL 60175

Add. Pltf. Atty: ___
Atty. Registration No.: ___
Address: ___
City, State and Zip: ___

## SUMMONS

To the above named defendant(s):

[X]  A. You are hereby summoned and required to appear before this court in room 320 of the
☐ Kane County Judicial Center, 37W777 Rt. 38, St. Charles, IL 60175 [X] Kane County Court House, 100 S. 3rd Street, Geneva, IL 60134, at 9:00 am. on August 12, 2008 to answer the complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be entered against you for the relief asked in the complaint.

☐  B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the Office of the Clerk of this Court, within 30 days after service of this summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the complaint.

☐  C. You are further Notified that a dissolution action stay is in full force and effect upon service of this summons. The Conditions of stay are set forth on the reverse of this summons, and are applicable to the parties as set forth in the statute.

**TO THE SHERIFF OR OTHER PROCESS SERVER:**

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. In the event that paragraph A of this summons is applicable, this summons may not be served less than three days before the day for appearance. If service cannot be made, this summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date if paragraph B is applicable.

DATE OF SERVICE _____
(To be inserted by process server on copy left with the defendant or other person)

WITNESS, June 26, 2008 (date)

Clerk of Court

Form 166-A (7/01)     White - File     Yellow - Service     Pink - Attorney Copy

## NOTICE TO DEFENDANTS - Pursuant to Supreme Court Rule

In a civil action for money (excess of $15,000) in which the summons requires your appearance on a specified day, you may enter your appearance as follows:

1. You may enter your appearance prior to the time specified in the summons by filing a written appearance, answer or motion in person or by attorney to the Office of the Kane County Circuit Clerk, 540 S. Randall Rd., St. Charles, IL 60174.

2. You may enter your appearance at the time and place specified in the summons by making your presence known to the Judge when your case is called.

In either event YOU MUST APPEAR IN PERSON OR BY ATTORNEY at the time and place specified in the summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will be heard on the date set forth in the summons unless otherwise ordered by the Court. Only the Court can make this exception. Do not call upon the Circuit Court Clerk or the Sheriff's Office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the summons, and then only for good cause shown. You, or someone representing you, MUST APPEAR IN PERSON at the specified time and place and make such a request.

If you owe and desire to pay the claim of the plaintiff before the return date on the summons, notify the plaintiff or his/her attorney if you desire to do so. Request that he/she appear at the time specified and ask for the dismissal of the suit against you. Do not make such a request of the Circuit Court Clerk or the Sheriff, as only the Judge can dismiss a case, and then only with a proper court order which must be entered in open Court.

---

## CONDITIONS OF DISSOLUTION ACTION STAY

### 750 ILCS 5/501.1

### Chapter 40, paragraph 501.1, Illinois Revised Statutes

(a) Upon service of a summons and petition or praecipe filed under the Illinois Marriage and Dissolution of Marriage Act or upon the filing of the respondent's appearance in the proceeding, whichever first occurs, a dissolution action stay shall be in effect against both parties and their agents and employees, without bond or further notice, until a final judgment is entered, the proceeding is dismissed, or until further order of the court:

   (1) restraining both parties from physically abusing, harassing, intimidating, striking, or interfering with the personal liberty of the other party or the minor children of either party; and

   (2) restraining both parties from removing any minor child or either party from the State of Illinois or from concealing any such child from the other party, without the consent of the other party or an order of the court.

---

Form 166-A (7/01)          White - File          Yellow - Service          Pink - Attorney Copy

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
KANE COUNTY, ILLINOIS

| | |
|---|---|
| AL CAPONE DISTRIBUTING, INC., an Illinois Corporation, | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) Case No. '08 AR K 646 ) |
| C.H. ROBINSON WORLDWIDE, INC., a foreign corporation, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

Now comes the plaintiff, Al Capone Distributing, Inc., by and through its attorneys SHEARER & AGRELLA, and as and for its complaint herein, alleges as follows:

1. That the plaintiff is a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business in the City of St. Charles, Kane County, Illinois.

2. That the defendant is a corporation with offices in all fifty (50) states of the United States; which does business in the State of Illinois and which has offices in the State of Illinois. Defendant is a foreign corporation.

3. That plaintiff is a distributor and seller of alcoholic spirits throughout the United States and other countries.

4. That on or about November 26, 2007, the plaintiff completed the purchase of eleven hundred and forty-four (1,144) cases of tequila from Purveyors, Inc., an import company located in the City of Houston, Texas (which purchase was held by J.O. Alvarez, Inc., a U.S. licensed custom house broker).

Page 1 of 3

5. That thereafter, plaintiff entered into an agreement with defendant, C.H. Robinson, Inc. whereby C.H. Robinson agreed to arrange for and transport the eleven hundred and forty-four (1,144) cases of tequila from Houston, Texas, to Prana Spirits in Pompano Beach, Florida.

6. Thereafter, and while said eleven hundred and forty-four (1,144) cases of tequila were in the possession of C.H. Robinson and/or its agents, said eleven hundred and forty-four (1,144) cases were stolen along with the truck in which they were being transported. As a result, the tequila was never received by Prana Spirits, although it did later take delivery of sixty-nine (69) cases of tequila, which were recovered by the police.

7. That the plaintiff has done and performed all of plaintiff's duties required under the terms of the agreement.

8. Defendant, though often requested to make payment for plaintiff's loss, has only partially accepted the claim for the loss of said tequila, and has made a payment to the plaintiff of $50,000.00 to apply against the total claim and has advised plaintiff it has no further monetary obligation for damages.

9. That the original cost of the eleven hundred and forty-four (1,144) cases of tequila was $82,368.00 plus federal excise tax and brokerage fees of $15,720.96, for a total of $98,088.96.

10. That the defendant is entitled to a credit against that figure for the number of cases recovered and ultimately delivered by the defendant in the sum of $5,916.00.

11. As a result of the failure of defendant to deliver the cases of tequila as agreed by the parties, plaintiff has sustained damages in the amount of $92,172.90.

12. That the defendant has made partial payment of those damages in the amount of $50,000.00, leaving a balance due plaintiff of $42,172.90.

WHEREFORE, plaintiff, Al Capone Distributing, Inc. prays that this court enter judgment against the defendant, C.H. Robinson, Inc. for $42,172.90, its costs of suit, plus prejudgment interest at 6%.

AL CAPONE DISTRIBUTING, INC..

BY: *Raymond F. Agrella*
One of its Attorneys

Raymond F. Agrella
SHEARER & AGRELLA
4N701 School Road
St. Charles, Illinois 60175
(630) 584-3142