**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| AL CAPONE DISTRIBUTING, INC., | ) | |
| an Illinois corporation, | ) | |
| | ) | Case No. 08 CV 4418 |
| Plaintiff, | ) | |
| | ) | Judge Kendall |
| v. | ) | |
| | ) | Magistrate Judge Brown |
| C.H. ROBINSON WORLDWIDE, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, C.H. ROBINSON WORLDWIDE, INC. (hereinafter referred to as "C.H. Robinson" or "Defendant"), by and through its attorneys, JOEL H. STEINER, and AXELROD, GOODMAN, STEINER & BAZELON, and hereby answers the Complaint of Plaintiff, AL CAPONE DISTRIBUTING, INC. (hereinafter referred to as "Al Capone Distributing" or "Plaintiff"), as follows:

1.      That the plaintiff is a corporation duly organized and existing under the laws of the State of Illinois with its principal place of business in the City fo St. Charles, Kane County, Illinois.

**ANSWER:      Defendant has insufficient knowledge or information sufficient to form a belief**

**as to the truth of the matters alleged in paragraph #1 of the Complaint.**

2.      That the defendant is a corporation with offices in all fifth (50) states of the United States; which does business in the State of Illinois and which has offices in the State of Illinois. Defendant

is a foreign corporation.

**ANSWER:**    **Defendant admits that it has offices throughout many of the United States including Illinois and that it does business in Illinois.**

3.    That plaintiff is a distributor and seller of alcoholic spirits throughout the United States and other countries.

**ANSWER:**    **Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #3 of the Complaint.**

4.    That on or about November 26, 2007, the plaintiff completed the purchase of eleven hundred and forty-four (1,144) cases of tequila from Purveyors, Inc., an import company located in the City of Houston, Texas (which purchase was held by J.O. Alvarez, Inc., a U.S. licensed custom house broker).

**ANSWER:**    **Defendant has insufficient knowledge or information sufficient to form a belief as to the truth of the matters alleged in paragraph #4 of the Complaint.**

5.    That thereafter, plaintiff entered into an agreement with defendant, C.H. Robinson, Inc. whereby C.H. Robinson agreed to arrange for and transport the eleven hundred and forty-four (1,144) cases of tequila from Houston, Texas, to Prana Spirits in Pompano Beach, Florida.

**ANSWER:**    **Defendant denies each and every allegation of paragraph #5 of the Complaint, except admits Defendant agreed to arrange, in its capacity as a property broker, for the transportation of said 1,144 cases of tequila from Texas to**

2

**Florida for Plaintiff.**

6.    Thereafter, and while said eleven hundred and forty-four (1,144) cases of tequila were in the possession of C.H. Robinson and/or its agents, said eleven hundred and forty-four (1.144) cases were stolen along with the truck in which they were being transported.  As a result, the tequila was never received by Prana Spirits, although it did later take delivery of sixty-nine (69) cases of tequila, which were recovered by the police.

**ANSWER:    Defendant denies each and every allegation of paragraph #6 of the Complaint.**

7.    That the plaintiff has done and performed all of plaintiff's duties required under the terms of the agreement.

**ANSWER:    Defendant denies each and every allegation of paragraph #7 of the Complaint.**

8.    Defendant, though often requested to make payment for plaintiff's loss, has only partially accepted the claim for the loss of said tequila, and has made a payment to the plaintiff of $50,000.00 to apply against the total claim and has advised plaintiff it has no further monetary obligation for damages.

**ANSWER:    Defendant denies that it has any responsibility for the loss, but affirmatively states that it offered, and plaintiff accepted, as full settlement, accord and satisfaction of all claims the sum of $50,000.00 from defendant.**

9.    That the original cost of the eleven hundred and forty-four (1,144) cases of tequila was

$82,368.00 plus federal excise tax and brokerage fees of $15,720.96, for a total of $98,088.96.

**ANSWER:     Defendant has insufficient knowledge or information sufficient to form a belief**

**as to the truth of the matters alleged in paragraph #9 of the Complaint.**

10.     That the defendant is entitled to a credit against that figure for the number of cases recovered and ultimately delivered by the defendant in the sum of $5,916.00.

**ANSWER:     Defendant denies that it is liable for any loss.**

11.     As a result of the failure of defendant to deliver the cases of tequila as agreed by the parties, plaintiff has sustained damages in the amount of $92,172.90.

**ANSWER:     Defendant denies each and every allegation of paragraph #11 of the Complaint.**

12.     That the defendant has made partial payment of those damages in the amount of $50,000.00, leaving a balance due plaintiff of $42,172.90.

**ANSWER:     Defendant denies each and every allegation of paragraph #12 of the Complaint**

**and states that the $50,000.00 payment it made was in full settlement, accord**

**and satisfaction of a disputed claim for which it denied all liability.**

WHEREFORE, Defendant, C.R. ROBINSON WORLDWIDE, INC., prays that this Court dismiss in full the Complaint of Plaintiff, AL CAPONE DISTRIBUTING, INC., and that they be awarded their attorney's fees and costs in defending this suit and for any other relief deemed just and proper.

**AFFIRMATIVE DEFENSES**

NOW COMES the Defendant, C.H. ROBINSON WORLDWIDE, INC., by and through its attorneys, JOEL H. STEINER, and AXELROD, GOODMAN, STEINER & BAZELON, and for its Affirmative Defenses states as follows:

**FIRST AFFIRMATIVE DEFENSE**

1.      C.H. Robinson paid Plaintiff the sum of $50,000.00 as full settlement, accord and satisfaction of the claim which is the subject of this lawsuit.

**SECOND AFFIRMATIVE DEFENSE**

2.      C.H. Robinson is an U.S. DOT/Federal Motor Carrier Safety Administration (FMCSA) licensed property broker and is not licensed as a motor carrier.

3.      In all dealings with Plaintiff, C.H. Robinson represented itself to be a property broker and not a carrier.

4.      All actions of C.H. Robinson with respect to the shipment which is the subject of this suit were as a broker and not a carrier.

5.      As a broker C.H. Robinson is not liable for any loss or damage to Plaintiff's shipment.

WHEREFORE, Defendant, C.R. ROBINSON WORLDWIDE, INC., prays that this Court dismiss in full the Complaint of Plaintiff, AL CAPONE DISTRIBUTING, INC., and that they be awarded their attorney's fees and costs in defending this suit and for any other relief deemed just and proper.

Respectfully submitted,

C.H. ROBINSON WORLDWIDE, INC.
Defendant

By:    /s/Joel H. Steiner
Joel H. Steiner One of their Attorneys

OF COUNSEL:

AXELROD, GOODMAN, STEINER & BAZELON
39 South LaSalle Street, Suite 920
Chicago, Illinois 60603
ARDC # 02720108
312-236-9375_
312-236-2877 fax

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of August, 2008, a copy of the foregoing

Defendants' Answer to Plaintiff's Complaint and Affirmative Defenses was filed electronically.

Notice of this filing will be sent to all parties registered with the Court's electronic filing system by

operation of the Court's system.  Parties may access this filing through the Court's system which will

send notification of such filing(s) to the following:

Raymond F. Agrella
SHEARER & AGRELLA
4N701 School Road
St. Charles, Illinois 60175

/s/Joel H. Steiner
Joel H. Steiner

7
