IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DIVISION

| | |
|---|---|
| AL CAPONE DISTRIBUTING, INC., <br><br> Plaintiff, <br><br> v. <br><br> C.H. ROBINSON WORLDWIDE, INC., <br><br> Defendants. | No. 08 C 4419 <br><br> Hon. Virginia M. Kendall |

## MOTION TO REMAND

NOW COME the plaintiff, Al Capone Distributing, Inc., by and through its attorney, Raymond F. Agrella, Esq., and pursuant to 28 USC 1447 moves this Honorable Court to remand this matter back to the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, and in support states:

1. On August 6, 2008, defendant filed a Notice of Removal, seeking removal of plaintiff's common law contract claim from the Circuit Court for the Sixteenth Judicial Circuit, Kane County Illinois, to the Federal District Court for the Northern District of Illinois.

2. Where a plaintiff seeks to remand a case which as been removed, the burden rests on the party seeking to uphold the removal. *Wilson v. Republic Iron & Steel,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921). "The case should be remanded if there is doubt as to the right of removal in the first instance." *Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir.1976)

3. Defendant's removal effort is predicated upon defendant's assertion that plaintiff's claim is predicated upon a federal question; to-wit, that plaintiff's claim proceeds

1

under 49 U.S.C. 14706.

4. Defendant's assertion of federal question jurisdiction is incorrect.

5. Defendant acted in this matter in two capacities: first, as a shipping broker, for which no direct claim has been made; second, in the separate and independent capacity as the insurer of the cargo, and it is this latter claim under which plaintiff proceeds.

6. By defendant's own words, however, defendant does not come within the ambit of this statute. As set forth in its Second Affirmative Defense, defendant actually asserts it is a "property broker", not a shipper or freight carrier, thereby falling completely outside the statute.

7. Virtually all of plaintiff's shipment was lost/stolen.

8. Plaintiff made a demand upon defendant, as insurer, to pay plaintiff's claim of loss.

9. Defendant, in its capacity as insurer, made a partial payment of $50,000.00 towards this loss, and thereafter balked and refused to pay.

10. As a result plaintiff sued defendant on a simple insurance contract for the remaining balance of the loss, in the amount of $42,172.90.

11. No federal question is raised in plaintiff's case, and as such, plaintiff's case should not be removed, in that this court does not have subject matter jurisdiction.

12. Furthermore, even if somehow 28 U.S.C. 14706 were somehow deemed applicable to this matter, it does not require removal, in that the statute specifically asserts concurrent state jurisdiction, and there is a trend in the various circuits which recognize the abstention doctrine as a valid basis for remand.

13. While the Seventh Circuit decisions have shed little insight into what non-statutory justifications are acceptable, other circuits have accepted the non-statutory, common

law abstention doctrine as a basis for remand. *See, e.g., Foster v. Chesapeake Ins. Co.,* 933 F.2d 1207 (3rd Cir.1991) (holding that remand based on forum selection clause in re-insurance agreement, though not statutorily derived, is grounds for remand); *Corcoran v. Ardra Ins. Co.,* 842 F.2d 31, 36 (2d Cir.1988) (holding that "if a district court has the power to dismiss an action on grounds of abstention it has the power to remand to the state court on those grounds"); *Melahn v. Pennock Ins., Inc.,* 965 F.2d 1497, 1501-02 (8th Cir.1992) (concluding that "the district court had the authority to remand this case to state court based on abstention, a reason not expressly articulated in 1447(c)").

14. This case is properly one where the abstention doctrine should be exercised.

15. The claimed amount is relatively minor, the state court is well equipped to handle this simple contract claim, the plaintiff and its principal officers reside in Kane County, its attorneys are located in Kane County, and as a matter of judicial economy the federal court would thereby be able to husband and preserve its judicial resources.

WHEREFORE your plaintiff, Al Capone Distributing, Inc, prays this Honorable Court grant its motion for remand, that this matter be remanded and otherwise returned to the Circuit Court for the Sixteenth Judicial Circuit, Kane County, Illinois, and for such other and further relief as this Honorable Court deems just and fair.

Raymond F. Agrella, Esq.  
Attorney for Plaintiff  
4N701 School Road  
St. Charles, Illinois 60175   By:   s/ Raymond F. Agrella  
(630) 584-3142                      Raymond F. Agrella, Attorney for Plaintiff  
Atty. No. 20818

Respectfully Submitted,