IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AL CAPONE DISTRIBUTING, INC., an Illinois corporation, | ) ) ) |
| Plaintiff, | ) Case No. 08 CV 4418 ) ) Judge Kendall |
| v. | ) ) |
| C.H. ROBINSON WORLDWIDE, INC., a foreign corporation, | ) Magistrate Judge Brown ) ) ) |
| Defendant. | ) |

**DEFENDANT'S RESPONSE TO
MOTION TO REMAND**

NOW COMES the Defendant, C.H. ROBINSON WORLDWIDE, INC. (hereinafter referred to as "CHR or "Defendant"), by and through its attorneys, JOEL H. STEINER, and AXELROD, GOODMAN, STEINER & BAZELON, and in response to the Motion to Remand of Plaintiff, AL CAPONE DISTRIBUTING, INC. (hereinafter referred to as "Capone or Plaintiff"), and state as follows:

**I.   STATEMENT OF THE CASE**

On August 6, 2008 CHR filed its Notice of Removal with this Court in the instant action, stating in said notice that:

> On June 26, 2008, Plaintiff, Al Capone Distributing, Inc., alleged against Defendant in the Circuit Court of Kane County, Illinois, No. 08 AR K 646, a civil action to recover from Defendant damages of $42,172.90, alleged to be due to Plaintiff as a consequence of alleged damage and/or delay to a shipment of interstate freight shipment alleged to have been transported by Defendant CHR.  The Complaint

alleges a cause of action that arises out of and pursuant to, 49 U.S.C. § 14706. All suits for loss or damage to interstate shipments by motor carrier are preempted by 49 U.S.C. §14706.

In conformity with the removal statute and rules relating thereto CHR attached a copy of the state court complaint. That complaint alleges, in pertinent part, as follows:

4. That on or about November 26, 2007, the plaintiff completed the purchase of eleven hundred and forty-four (1,144) cases of tequila from Purveyors, Inc., an import company located in the City of Houston, Texas (which purchase was held by J.O. Alvarez, Inc., a U.S. licensed custom house broker).

5. That thereafter, plaintiff entered into an agreement with defendant, C.H. Robinson, Inc. whereby C.H. Robinson agreed to arrange for and transport the eleven hundred and forty-four (1,144) cases of tequila from Houston, Texas, to Prana Spirits in Pompano Beach, Florida.

6. Thereafter, and while said eleven hundred and forty-four (1,144) cases of tequila were in the possession of C.H. Robinson and/or its agents, said eleven hundred and forty-four (1.144) cases were stolen along with the truck in which they were being transported. As a result, the tequila was never received by Prana Spirits, although it did later take delivery of sixty-nine (69) cases of tequila, which were recovered by the police.

8. Defendant, though often requested to make payment for plaintiff's loss, has only partially accepted the claim for the loss of said tequila, and has made a payment to the plaintiff of $50,000.00 to apply against the total claim and has advised plaintiff it has no further monetary obligation for damages.

9. That the original cost of the eleven hundred and forty-four (1,144) cases of tequila was $82,368.00 plus federal excise tax and brokerage fees of $15,720.96, for a total of $98,088.96.

12. That the defendant has made partial payment of those damages in the amount of $50,000.00, leaving a balance due plaintiff of $42,172.90.

These allegations allege that Capone tendered a shipment of freight to CHR moving in interstate commerce which Capone alleges it tendered to CHR to transport (thus alleging that CHR

acted as a carrier). Complaint ¶¶ 4,5. The complaint alleges that while the freight was in the possession of CHR (again alleging CHR to be a carrier) the freight and truck were stolen. Complaint ¶6. The complaint alleges that the Capone's damages exceed $10,000.00. Complaint ¶¶ 8,9,12.

These allegations on the face of the complaint establish a cause under 49 U.S.C. § 14706 ("Carmack") and jurisdiction of this Court pursuant to 28 U.S.C. § 1337. Contrary to the argument of the Motion to Remand, the complaint does not allege that CHR was a broker or an insurer of cargo[1]. All that the complaint alleges as relates to the removal this suit is set forth above.

## II. REMOVAL WAS PROPER

This Court has previously held, in *Wolfensberger v. in and out Moving & Storage, Inc.,* 2005 WL 2455467 (N.D.Ill.) (Judge Shadur), that Carmack creates a complete preemption of all interstate freight loss and damage claims for removal purposes and this is without regard to the manner in which the state court complaint is plead. The removal does not depend upon the pleading of a particular legal theory. Other district courts have sustained removal of state court plead actions predicated upon the complete preemption of Carmack. *York v. Day Transfer Company, et. al.*, 525 F.Supp.2d 289, 294-297 (D. RI 2007), *Steiner v. Horizon Moving Systems, Inc.*, 2008 WL 2917588 (C.D.Cal. 2008), *Stephenson v. Wheaton Van Lines, Inc., et al.*, 240 F.Supp.2d 1161, 1166 (D.KS. 2002) (the preemptive force of the Carmack Amendment is so extraordinary that it converts plaintiff's state law claims of breach of contract and negligence into claims arising under federal law.

---

[1] Defendant's Affirmative Defenses do allege that CHR is a broker. The subject of CHR being an insurer is never raised in any document other than in Capone's Motion to Remand. The basis of removal jurisdiction being the complaint and not the answer, this is of no consequence.

Defendants therefore properly removed this case to federal court.), *Andrews v. Atlas Van Lines, Inc.*, 504 F.Supp.2d 1329, 1332-1333 (N.D. Ga. 2007) ( While the complaint does not explicitly raise a federal claim, a liberal reading of the complaint reveals a Carmack Amendment claim. Through the magic of 'jurisdictional alchemy' plaintiff's state law claims morph into a federal Carmack Amendment claim, there being no such thing as a state law claim against a common carrier for damage to goods in interstate transportation.).

It is now well established that Carmack is one of those rare "total preemption" statutes which causes a complaint that does not even mention that statute to become a cause of action thereunder. See: *Hall v. North American Van Lines, Inc.*, 476 F.3d 683, 686-690 (9th Cir. 2007) (Although removal looks to the well pleaded complaint, Carmack is a total preemption statute such that all claims for loss, damage or delay to an interstate freight shipment regardless of how plead, negligence, breach of contract, fraud, etc. are preempted and are properly removed.); *Hoskins v. Bekins Van Lines*, 343 F.3d 769,778 (5th Cir. 2003) (Accordingly, we hold that the complete pre-emption doctrine applies. Because the Carmack Amendment provides the exclusive cause of action for such claims, we find that Hoskins' claims "only arise under federal law and could, therefore, be removed under § 1441."). See also, *Smith v. United Parcel Service (UPS)*, 296 F.3d 1244 (11th Cir. 2002) which held that Carmack is a total preemption statute in a case removed from state court, pleading state law causes of action.

As noted above, Capone, in its Motion, asserts that this action should be remanded because CHR is a Broker (something not found in the complaint, but only in CHR's affirmative defenses)

and that CHR is an insurer of freight (something found only in Capone's Motion). However, a defendant's right to removal is determined according to the plaintiff's complaint at the time the notice of removal is filed. To determine whether removal is proper, the Court must look to and consider the plaintiff's complaint as it existed in state court at the time the defendant filed its notice of removal. *Totherow v. Central Transport International, Inc.*, 2005 WL 4755219, pg. 2 (E.D.Tenn. 2005). The *Totherow* court went on to state, at pg. 4, that: "In sum, a federal claim raising a federal question plainly appears on the face of the plaintiff's original complaint that existed in state court at the time of removal. Whether or not the plaintiff intended to plead a claim pursuant to 49 U.S.C. § 14706 in his original complaint, he did so. *Cf. Loftis,* 342 F.3d at 514-16 (Plaintiff's complaint alleged and pleaded a claim arising under federal law whether or not he intended to do so). The original complaint alleges facts and describes acts that are governed by 49 U.S.C. § 14706."

### III.    CONCLUSION AND PRAYER

Capone's complaint in the Kane County Circuit Court was clearly a Carmack complaint, because it alleges a cause of action for loss of an interstate shipment of freight "transported" by and "in the possession" of CHR. The plain language of those allegations identifies CHR as being alleged to be a carrier which lost an interstate freight shipment, an action clearly falling under 49 U.S.C. § 14706. The damages sought by Capone clearly meet the $10,000.00 jurisdictional threshold of 28 U.S.C. § 1337. Accordingly, this suit was properly removed and Capone's Motion for Remand should be denied.

Wherefore for the above and foregoing reasons, defendant, C.H. Robinson Worldwide, Inc.

prays that the Motion to Remand of Plaintiff, Al Capone Distributing, Inc. be denied.

                              Respectfully submitted,

                              C.H. ROBINSON WORLDWIDE, INC.
                              Defendant

                       By:    /s/ *Joel H. Steiner*
                              Joel H. Steiner,
                               One of its Attorneys

OF COUNSEL:

AXELROD, GOODMAN, STEINER & BAZELON
39 South LaSalle Street, Suite 920
Chicago, Illinois 60603
ARDC # 02720108
312-236-9375
312-236-2877 fax

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this August 25, 2008, a copy of the foregoing Defendant's Response to Motion to Remand was filed electronically. Notice of this filing will be sent to all parties registered with the Court's electronic filing system by operation of the Court's system. Parties may access this filing through the Court's system which will send notification of such filing(s) to the following:

>Raymond F. Agrella
>SHEARER & AGRELLA
>4N701 School Road
>St. Charles, Illinois 60175

>/s/ *Joel H. Steiner*
>Joel H. Steiner